SULAIMAN LAW GROUP, LTD.
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL L. STINSON, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CRYSTAL L. STINSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq.*, stemming from Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Sacramento, California, within the Eastern District of California.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of California. Defendant is a limited liability company organized and existing under the laws of Virginia with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

2

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a purported Capital One Bank consumer debt in the amount of or about $481.00 ("subject consumer debt").

8. Upon information and belief, prior to the actions giving rise to these claims, Plaintiff paid off the subject consumer debt.

9. Upon further information and belief, after Capital One Bank incorrectly considered the subject consumer debt in default, it was placed with Defendant for collection purposes.

10. In 2022, Plaintiff began receiving calls to her cellular phone number (916) XXX-4675 from Defendant, seeking collection of the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -4675. Plaintiff is, and always has been, financially responsible for the phone and its services.

12. Defendant has primarily used the phone number (904) 299-3100 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

14. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

15. During such a call, Plaintiff demanded that Defendant stop calling her and also informed Defendant that she would not pay the subject consumer debt as she had already paid it in full.

16. Despite such, Defendant continued to call Plaintiff with harassing and repeated phone calls.

17. Defendant has placed countless phone calls to Plaintiff's cellular phone, including more than 7 (seven) calls in a 7-day period.

18. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want Defendant calling her again.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of

4

her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or in attempting to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

25. Defendant identifies itself as debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

26. The subject consumer debt is a "debt," as defined by FDCPA § 1692a(5), as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14.**

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further

prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease.

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendants violated §§ 1692d, 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through the harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to

harass Plaintiff through its phone calls. Defendant's persistent calls in response to Plaintiff's requests that the calls stop only furthers the harassing intent behind Defendant's contacts. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

33. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) when it used deceptive means to attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued

to call Plaintiff, numerous times, seeking payment. Instead of putting an end to this harassing behavior, Defendant placed multiple calls to Plaintiff's phone in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had a legal ability to contact her despite the regulations governing CSI's collection calls clearly prohibiting such. Further, Defendant violated the aforementioned statutes by deceptively misrepresenting the character and amount of the subject consumer debt. Moreover, Defendant attempted to collect a debt from Plaintiff that she did not owe, in further violation of § 1692e.

**c. Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff after being notified to stop. Exerting pressure on Plaintiff for payment by placing numerous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. Defendants further violated § 1692f in unfairly seeking payment for the subject consumer debt from Plaintiff when she did not owe such.

WHEREFORE, Plaintiff, CRYSTAL L. STINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff and seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

40. Defendants are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

41. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section

1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

42. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§ 1692d, 1692e, and 1692f of the FDCPA. Defendant employed a series of harassing, deceptive, and unconscionable means while attempting to collect the subject consumer debt, as outlined above.

43. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff disputed owing the subject consumer debt and did not wish to receive any more collection calls to her cellular phone, but yet Defendant continued to bombard Plaintiff with such calls, demanding payment for the subject consumer debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CRYSTAL L. STINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

   c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Awarding Plaintiff costs and reasonable attorney fees as provided, pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: September 12, 2022            Respectfully submitted,

/s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com